## STERNE *v.* SLATON, Governor.

Where a recognizance in a criminal case was forfeited during the September term, 1914, of the court, and a sci. fa. was thereupon issued, requiring the cognizor and his surety to show cause, at the next September term, why judgment should not be rendered against them for the amount of their forfeited recognizance, it was not allowable, over the objection of the surety (the cognizor not having been served) to amend the sci. fa., on April 2, during the March term, 1915, so as to require the defendants to appear and show cause on the fourth Monday in March, 1915. Such amendment being invalid, subsequent proceedings in the case at the March term, 1915, were nugatory, and rulings therein made, to which exceptions were taken, will not be reviewed by the Supreme Court.

SEPTEMBER 12, 1916.

Forfeiture of recognizance. Before Judge Cox. Dougherty superior court. April 2, 1915.

*Thomas H. Milner,* for plaintiff in error.

*R. C. Bell, solicitor-general, F. A. Hooper,* and *H. A. Peacock,* contra.

FISH, C. J. On October 10, during the September term, 1914, of the superior court of Dougherty county, a recognizance given in a criminal case was forfeited, and a scire facias issued, requiring the cognizor and his surety to show cause, if any they had, "at the next term of the superior court to be held in and for said county on the 4 Monday in September next, . . why judgment should not be rendered against them for the amount of their recognizance forfeited as aforesaid." The scire facias was served on the surety on October 31, 1914; on March 1, 1915, a return of non est inventus as to the cognizor was made by the sheriff. On April 2, during the March term, 1915, of the court, the following order was granted: "It appearing that the scire facias annexed hereto in the within cause was, by purely clerical error of the clerk, so written as to make it appear that the defendants were required to show cause on the 4th Monday in September, 1915, in response to the within rule, instead of on the 4th Monday in March, 1915, the last-mentioned term being the next term after that at which the within rule nisi was issued: it is ordered that the said scire facias be amended by striking therefrom the words, '4 Monday in Sept. next,' and inserting in lieu thereof, the words, '4 Monday in March, 1915.'" This amendment was allowed over the objection of the surety, who had made his special appearance

in the case for the purpose of making such objection, which was to the effect that the scire facias served upon him required him to appear and show cause at the court to be held and beginning on the 4th Monday in September, 1915.

Penal Code (1910) § 962 is as follows: "The clerk shall issue a scire facias on all forfeited bonds, recognizances, or other obligations, returnable to the next term of such court, against the principal and his sureties, which shall be served by the sheriff or his deputy at least twenty days before the return thereof, or, if the party resides out of the county or State, scire facias may be served by publication, as in cases of scire facias to revive judgment. And if, at such term, no sufficient cause be shown to the contrary, judgment, on motion, shall be entered against such principal and sureties, or such of them as have been served." In this case the clerk by inadvertence did not issue the scire facias returnable to the next term of the court, which was the March term, 1915, but made it returnable to the September term, 1915. Under the sci. fa. as issued the sheriff had until twenty days before the beginning of the September term, 1915, to serve the writ. The surety was served prior to the March term, 1915, and an entry of non est inventus was made as to the principal prior to that term. But why could not the principal assume that the sheriff would not undertake to serve him more than six months prior to the term·at which the scire facias was returnable? However, the fact is that the principal had not been served when the amendment was allowed, though, as stated, an entry of non est inventus had been made as to him. While a scire facias is a civil proceeding and is amendable in a proper way, the amendment allowed in this case was improper. It was allowed on April 2, during the March term, 1915, requiring the defendants to show cause on a prior day during that term, namely: "4. Monday in March, 1915." An amendment requiring the defendants to show cause at a given time in the past would be stretching even our liberal law of amendment to an unreasonable length, in that it would require the defendants to do an impossibility.

In view of the ruling here made, the trial of the case at the March term, 1915, was a nullity; and therefore it would not be proper for this court to pass on errors alleged to have been committed during such trial.

*Judgment reversed. By five Justices, all concurring.*